United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELINA POPAL, as Successor in Interest of the ESTATE OF FAZEL POPAL, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), et al., <br><br>Defendants. | No. C 15-00553 JSW <br><br>**ORDER DENYING MOTION TO REMAND** |

Now before the Court for consideration is the motion to remand, filed by Plaintiffs. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for April 24, 2015, and it HEREBY DENIES the motion to remand.

**BACKGROUND**

On December 18, 2014, Plaintiffs filed this action in the Superior Court of the State of California, County of Alameda. On February 5, 2015, Defendant, National Railroad Passenger Corporation ("Amtrak") removed the action to this Court. Amtrak represented that it had "contacted and conferred with defendant, Union Pacific Railroad Company ("Union Pacific"), which consents to removal." (Notice of Removal ¶ 4.) Amtrak also represented that the remaining named defendants had not yet been served. (*Id.*) On February 9, 2015, Amtrak filed an amended Notice of Removal, in which it represented that the remaining named defendants

had consented to removal.  (Docket No. 6, Amended Notice of Removal, ¶ 4.)

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

**A.     Applicable Legal Standards.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs argue that, although Amtrak is a party, the Court does not have subject matter jurisdiction over the action.[1]  "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless* the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349 (emphasis added).

Plaintiffs argue that Section 1349 is a limitation on federal court jurisdiction, that it does not provide for an independent right of removal, and that there is no other basis for federal jurisdiction.  Although Section 1349 may not provide for an independent right of removal, the Ninth Circuit has held that a court has original jurisdiction over actions involving Amtrak, because the United States owns a majority of Amtrak's capital stock.  On that basis, the court

---

[1]     The Court recently rejected that argument.  *See Silva v. National Railroad Passenger Corp.*, No. 14-cv-5673-JSW, Docket No. 34.

2

found that removal was permissible under 28 U.S.C. section 1441(a).  *See Vasquez v. North County Transit District*, 292 F.3d 1049, 1060 (9th Cir. 2002).  Plaintiffs do not dispute that the United States owns more than one-half of Amtrak's stock and, thereby, concedes that the claims against Amtrak "arise under" federal law.  *Id.*; *see also Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 385 (1995).

Plaintiffs also argue that Amtrak did not comply with all of the procedural requirements set forth in Section 1446.  The Ninth Circuit has held that "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant.  One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."  *Proctor v. Vishay Interechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).  Amtrak averred that Union Pacific consented to removal.  (Notice of Removal, ¶ 4.)  Plaintiffs dispute this representation.[2]

Plaintiffs' counsel attests that she had several telephone conversations with counsel for Amtrak, during which it became clear to her that Amtrak "was uncertain as to who was representing" Union Pacific.  (Declaration of Katie McIver ("McIver Decl."), ¶ 3.)  Based on those conversations and based on the fact that Union Pacific did not file an answer until March 2, 2015, Plaintiffs posit that Amtrak did not, in fact, have Union Pacific's consent to remove the action.  (*Id.* ¶¶ 3-8.)  Amtrak's counsel, in turn, attests that "on February 3, 2015, I contacted Mark C. Hansen, Esq., Union Pacific's General Solicitor Western Region, and obtained his verbal consent as an authorized agent of Union Pacific to removal of this action."  (Declaration of Jeremy J. Schroeder, ¶ 4.)  The Court concludes that Amtrak has met its burden to show that it obtained consent to remove from Union Pacific.  Therefore, the Notice of Removal was not procedurally defective.

//

//

//

---

[2]  Plaintiffs do not challenge Amtrak's representation that, at the time it filed the Notice of Removal, the individual defendants had not yet been served.

3

1  Accordingly, the Court DENIES Plaintiffs' motion to remand.

2  **IT IS SO ORDERED.**

3  Dated: March 26, 2015

4  JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4