UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELINA POPAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-00553-JSW   (KAW)<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PETITION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 46 |

Petitioner Margarita Balsyavychus,[1] as guardian ad litem for minors A.P. and T.P. (the "Minors"), petitions the Court for an order approving the compromise of the minor daughters' claims against Defendants National Railroad Passenger Corporation (dba Amtrak) and employee Thomas McKeown for injuries arising out of the January 7, 2013 accident, in which a train operated by McKeown fatally struck Fazel Popal as he walked across the railroad tracks. (Pls.' Pet., Dkt. No. 46.)

The petition is unopposed, and the Court finds the matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The undersigned finds the settlement fair and in the best interest of the Minors, and recommends that the district court grant the petition in part and deny in part.

### I. BACKGROUND

On January 7, 2013, at approximately 7:48 a.m., decedent Fazel Popal, husband of Plaintiff Evelina Popal and father of Minors A.P. and T.P., was fatally struck by an Amtrak train while he

---

[1] Petitioner's surname is inconsistently spelled throughout the moving papers, so the undersigned will utilize the spelling contained in the court order granting Ms. Balsyavichus's application to be appointed the Minors' guardian ad litem. (*See* Decl. of Katie McIver, "McIver Decl.," Dkt. No. 46-1 ¶ 6, Ex. 3.)

1  walked across the railroad tracks located between Huntwood Avenue and Orchard Avenue in
2  Hayward, CA.

3  On December 18, 2014, Plaintiffs Evelina Popal and Minors A.P. and T.P. filed a lawsuit
4  alleging that Defendants were liable for wrongful death, and that Amtrak was negligent for failing
5  to make necessary safety improvements to the railroad crossing in time to prevent Mr. Popal's
6  death. Both A.P. and T.P., who were then 8 and 9 years of age, suffered emotional distress as a
7  result of the collision. Petitioner Margarita Balsyavychus was appointed guardian ad litem for the
8  Minors on December 19, 2014. (McIver Decl., Ex. 3.) Petitioner is the Minors' aunt. (McIver
9  Decl. ¶ 2.) On February 5, 2015, the case was removed to federal court.

10  Petitioner's attorneys conducted numerous depositions and propounded written discovery,
11  and prepared for and attended court hearings, in order to obtain the evidence that ultimately led to
12  the settlement. (Pls.' Pet. at 3.) On March 14, 2016, a settlement in the amount of $100,000 was
13  obtained, which is to be entirely paid by Amtrak and split equally among the three plaintiffs.
14  (McIver Decl. ¶ 3.) Petitioner's attorneys advanced $9,444.50 in costs to support the investigation
15  and inquiry. (McIver Decl. ¶ 5, Ex. 2.)

16  On September 6, 2016, Petitioner, as guardian ad litem for the Minors, filed a petition for
17  an order approving the compromise of the Minors' claims against Defendants National Railroad
18  Passenger Corporation (dba Amtrak) and employee Thomas McKeown for injuries arising out of
19  the January 7, 2013 accident. (Pls.' Pet., Dkt. No. 46.) There was no opposition filed. The
20  petition was referred to the undersigned for report and recommendation.

21  **II.  LEGAL STANDARD**

22  "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to
23  safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181
24  (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a
25  guardian ad litem—or issue other appropriate order—to protect a minor or incompetent person
26  who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of
27  proposed settlements in suits involving minor plaintiffs, this special duty requires a district court
28  to 'conduct its own inquiry to determine whether the settlement serves the best interests of the

minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff in the case. *Id.* at 1182. The *Robidoux* court expressly limited its holding to review of a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

As all claims in this matter are state law causes of action, under California law, the Court, in approving a minor's compromise, is entrusted with ensuring "that whatever is done is in the minor's best interests." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). The primary concerns then is with whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Id.* at 1382.

### III.   DISCUSSION

Based on the Court's review of Plaintiffs' submissions, the proposed settlement is fair, reasonable, and proper. Under the terms of the settlement, each plaintiff will receive 33.33% of the settlement proceeds after costs and attorneys' fees are deducted. The settlement monies will be available to the Minors once they reach the age of majority and will aid the Minors in their beginnings of adulthood and afford them opportunities for the future. (Pls.' Pet. at 3.)

The contingency fee agreement provides that counsel is entitled to 40% of any recovery after the filing of a civil complaint. (Contingency Fee Agreement, McIver Decl., Ex. 1.) Notwithstanding the terms of the fee agreement, counsel requests a reduced fee of 25% for each minor's settlement, and a 40% fee for Evelina Popal's settlement. (Pls.' Pet. at 9.) After reducing the $100,000 recovery for costs, $90,555.50 remains to be distributed in equal parts, which is $30,185.16 per plaintiff. *Id.* After the reduction for fees and costs, each minor will receive $22,638.87, and Evelina Popal will receive $18,111.10. *Id.* The court finds that the equal shares in the settlement proceeds is fair and reasonable to compensate Minors for some of the economic

advantage they might have had if their father had lived and to provide for treatment of any emotional distress they may have suffered in connection with their father's untimely death.

Petitioner, however, miscalculated the amount of attorneys' fees to be paid by the Minors. Petitioner seeks to recover $19,620.35 in connection with representing the Minors. (Verified Pet., Dkt. No. 46-2 at 5.) After costs are evenly split between the three plaintiffs, each minor is to receive $30,185.16 before the reduction for attorneys' fees. (Pls.' Pet. at 9.) 25% of $30,185.16 is $7,546.29. (*See* Pls.' Pet. at 9.) Thus, the attorneys' fees earned for representing the two minors is $15,092.58. The Court notes that Petitioner correctly calculated the Minor's eventual recovery after the reduction of attorneys' fees and costs. *See id.*

The petition does not identify any other wrongful death cases involving Amtrak. The Court's own review of case cases involving pedestrian-train fatalities revealed results ranging from defense verdicts to million dollar settlements. *See Lopez v. BNSF Railway Co.*, 14 Trials Digest 13th 31 (E.D. Cal. Dec. 1, 2009)($88,725 settlement); *Bulnes v. Tutor-Saliba/Slattery Joint Venture*, 25 Trials Digest 9th 18 (San Mateo Super. Ct., Nov. 22, 2005)(defense verdict); Gutierrez v. Union Pacific Railroad, JVR No. 427901 (San Bernardino Super. Ct. Oct. 2002) ($10,000 settlement to compensate two minor children); *Rea vs. Peninsula Corridor Joint Powers Board (Caltrain)*, 12 Trials Digest 14th 14 (N.D. Cal., Oct. 25, 2010). The million dollar settlements, however, represent extreme cases of negligence involving the clear violation of policies and safety protocols. This does not appear to be the case here.

Thus, upon consideration of the facts of the case, the Minors' claims, the risks of prolonged litigation and trial, and the recoveries in similar actions, the Court concludes that the proposed compromise is fair and reasonable and comports with California law.

### IV.   CONCLUSION

In light of the foregoing, the undersigned RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the petition to approve the minors' compromise.

The undersigned FURTHER RECOMMENDS as follows:

1. That the settlement by Petitioner of this action, including without limitation settlement for the total amount of $100,000 shall be and it hereby is approved;

4

1     2.    That the attorneys' fee agreement shall by and it hereby is approved as modified;
2 the Court finds that the fee agreement is fair and reasonable to minor A.P. and T.P.'s interests;
3     3.    That the costs advanced by Petitioner's attorneys in the total amount of
4 $9,444.50—to be apportioned equally between all three plaintiffs— and the requested allocation
5 of the costs shall be approved, as the said costs for the benefit of minors A.P. and T.P. are fair and
6 reasonable to their interests;
7     4.    That the Petitioner's counsel be awarded attorneys' fees in the amount of
8 $15,092.58, pursuant to the contingency fee agreement and subject to counsel's voluntary
9 reduction of 25% of the recovery, are fair and reasonable to the Minors' interests;
10    5.    As to the proposed administration of the settlement proceeds for minors A.P. and
11 T.P., that:

   a. Harris Personal Injury Lawyers, Inc., has deposited the settlement check in the Harris Personal Injury Lawyers, Inc. trust account at Citibank, Vista-Shadowridge Branch # 654, 1611 S Melrose Pl., Vista CA 92081.
   b. Petitioner's attorneys, Harris Personal Injury Lawyers, Inc., after obtaining the Court's approval of settlement distribution, shall cause Harris Personal Injury Lawyers, Inc. to be reimbursed from its trust account its expenses in the total amount of $9,444.50 and attorneys' fees in the total amount of $15,092.58, concerning the representation of A.P. and T.P.'s interests;
   c. Petitioner's attorneys, Harris Personal Injury Lawyers Inc., after payment of the expenses and attorneys' fees concerning the representation of A.P. and T.P.'s interests as aforesaid, shall cause to be issued its trust account each check for $22,638.87 payable to "Margarita Balsyavychus as Guardian ad Litem for A.P" and "Margarita Balsyavychus as Guardian ad Litem for T.P.," and shall cause said checks to be deposited in an insured account in a financial institution in the State of California permitted by Cal. Prob. C. § 3611(b).
   d. Funds in A.P. and T.P.'s Account shall be subject to withdrawal only upon authorization of the Court, pursuant to Cal. Prob. C. § 3611(b) and

1     notwithstanding any prior order of the Court; and

2     e.  Prior to deposit of A.P. and T.P.'s Net Settlement Proceeds in A.P. and T.P.'s

3     Account, Petitioner's attorneys, Harris Personal Injury Lawyers, Inc., shall

4     cause a copy of the Court's order to be served on the registered agent and a

5     manager of the financial institution at which A.P. and T.P.'s Account is held;

6.  That, pursuant to § 3612(a) of the California Probate Code and any other relevant provision therein, the district court shall have continuing jurisdiction of the money paid or to be paid, delivered, deposited, or invested for the benefit of A.P. and T.P., until they reach 18 years of age.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: October 24, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge